```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

                                )
PAUL F. SHEDLOCK,               )
        Plaintiff,              )
                                )       Civil Action No.
        v.                      )       11-11603-NMG
                                )
GINA SPENCER,                   )
        Defendant.              )
                                )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

On September 12, 2011, Paul Shedlock, who is confined at the Nemansket Correctional Center ("Center") as a sexually dangerous person, filed a complaint in which he alleges that he has been denied the use of a wheelchair at the Center. Shedlock names Gina Spencer, whom Shedlock identifies as the person who "controls" the Health Services Unit at the Center, as the sole defendant. Spencer has filed an answer.

Before the Court is the "Plaintiff's Motion to Transfer Case." (Docket # 30). In this motion the plaintiff asks that this action be heard by the Honorable Patti B. Saris of this Court. Shedlock reasons that the reassignment is appropriate because Judge Saris is presiding over "other joined 'Conditions of Confinement' cases from the same institution, [and] has heard evidence relative to those conditions." Mot. at 1. Shedlock asserts that the two cases are "related." Id.

Shedlock does not identify the case in front of Judge Saris

which he believes to be related to this action, but the Court assumes that Shedlock is referring to <u>Healey v. Department of Corrections</u>, C.A. No. 01-11099-PBS. In <u>Healey</u>, the consolidated plaintiffs, who have been civilly committed as sexually dangerous persons, allege that the Department of Corrections fails to provide a sex offender treatment program based upon current treatment methodologies and imposes unreasonably restrictive conditions. While the <u>Healey</u> plaintiffs claim that the defendants have failed to provide pharmacological sex offender treatment, the <u>Healey</u> action does not otherwise concern medical treatment at the Center. Neither Shedlock nor Spencer is a party in the <u>Healey</u> case.

Under the Court's Local Rules, two cases are related for purposes of case assignment if (1) "some or all of the parties are the same"; <u>and</u> (2) "the cases involve the same or similar claims or defense; or the cases involve the same property, transaction or event; or the cases involve insurance coverage for the same property, transaction or event; or the cases involve substantially the same questions of fact and law." Local Rule 40.1(G)(1).

This action and <u>Healey</u> are not related for purposes of case assignment. None of the parties are the same. Further, the two cases do not involve the same claims, events, or questions of fact and law. The issue raised in this action is whether a

wheelchair is medically necessary for Shedlock.  In contrast, the
Healey plaintiffs challenge the adequacy of sex offender
treatment and non-medical restrictions at the Center.

**ORDER**

In accordance with the foregoing, plaintiff's Motion to
Transfer Case (Docket # 30) is **DENIED**.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge
Dated: 4/17/12