UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL F. SHEDLOCK, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 11-11603-NMG |
| GINA SPENCER, | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS
[Docket No. 63]

June 25, 2013

Boal, M.J.

Plaintiff Paul F. Shedlock ("Shedlock"), who is confined at the Nemasket Correctional Center ("Center") as a sexually dangerous person, filed a complaint in which he alleges that he has been denied the use of a wheelchair at the Center. Docket No. 1. On February 5, 2013, the District Court denied Shedlock's motion for a temporary restraining order or permanent injunction. Docket No. 59. Before the Court is Shedlock's motion for a stay of proceedings pending his appeal of the District Court's denial of his motion for injunctive relief. Docket No. 63. For the following reasons, this Court recommends that the District Court deny the motion.

I.      Factual And Procedural Background

Shedlock filed his complaint on September 12, 2011. Docket No. 1. Shedlock names Gina Spencer ("Spencer"), whom he identifies as the person who "controls" the Health Services Unit at the Center, as the sole defendant. He alleges that Spencer has violated Shedlock's civil

-1-

rights by denying him adequate medical services in the form of a wheelchair. Id. Spencer filed an answer to the complaint on December 5, 2011. Docket No. 9.

On January 7, 2013, Shedlock filed a motion for temporary restraining order and permanent injunction. Docket No. 49. In his motion, Shedlock stated that testing had shown a "probable hemangioma within the T8 vertebral body," and that there are "multiple probable hemangiomas" within his lumbar spine. Id. at 1-2. He also stated that a hemangioma is a "benign tumor of blood vessels" and that there had been no tests to determine the true nature of the tumors, despite a family history of cancer. Id. at 2. Shedlock requested that the District Court issued a temporary restraining order directing defendant Gina Spencer, and her employer UMass Correctional Health, "to provide additional and appropriate testing to determine the true nature of his tumors, and directs them, both and severally, to cease depriving him of necessary medical care." Id. at 3-4. He also requested a hearing "on the question of whether a Permanent Injunction should issue prior to trial." Id. at 4.

On February 5, 2013, the District Court held a hearing on Shedlock's motion for a temporary restraining order and permanent injunction. Docket No. 59. The District Court noted that the parties agreed that the original issue in the Complaint regarding the wheelchair had been resolved. Id. Spencer informed the District Court that a further examination of Shedlock would be conducted at the end of the month. Id. The District Court ordered Spencer to file a status report regarding the examination and anticipated treatment plan by March 20, 2013. Id. The Court denied Shedlock's motion for a temporary restraining order and permanent injunction and set a briefing schedule for dispositive motions. Id.

On February 19, 2013, Shedlock filed a notice of appeal of the District Court's denial of

his request for a temporary restraining order and permanent injunction.[1]  Docket No. 60.  Also on February 19, 2013, Shedlock filed the instant motion seeking a stay of any further proceedings in this matter pending his appeal.  Docket No. 63.  Spencer filed an opposition on March 4, 2013.  Docket No. 69.[2]

II.    Analysis

Requests for stays or injunctions pending appeal are governed by Rule 62(c) of the Federal Rules of Civil Procedure, which provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  Fed. R. Civ. P. 62(c).  Courts analyze motions for a stay pending appeal under the same factors used for analyzing motions for preliminary injunctions: "(1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent relief; (3) whether issuance of relief will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Respect Maine PAC v. McKee, 622 F.3d 13, 15 (1st Cir. 2010) (citation omitted).

Here, Shedlock has not made a strong showing that he is likely to succeed on the merits.  He has pointed to no reason why the District Court erred in its decision to deny his request for a temporary restraining order and permanent injunction.  His motion simply states, without

---

[1] On May 6, 2013, the Court of Appeals for the First Circuit issued an order to show cause why Shedlock's appeal should not be dismissed for lack of jurisdiction.  See Shedlock v. Spencer, No. 13-1247 (1st Cir.).  Shedlock filed a response to the order to show cause on May 20, 2013.

[2] The District Court referred the motion to the undersigned on May 9, 2013 for a report and recommendation.  Docket No. 83.

elaboration, that "there are valid and compelling reasons for the reversal of this Court's order." Docket No. 63 at 1. "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Baldwin v. Bader, No. 07-46-P-H, 2008 WL 564642, at * 3 (D. Me. Feb. 28, 2008) (citations omitted). Here, Shedlock's complaint asserts alleged violations of his Eighth Amendment rights related to Spencer's failure to provide him with a functional and safe wheelchair. In contrast, his request for injunctive relief appears to refer to a completely separate medical issue that is not raised in the Complaint.[3] Accordingly, the District Court properly denied his request for injunctive relief.

The Court also finds that Shedlock has not shown irreparable injury if the District Court does not stay the proceedings. He has not stated how he would be irreparably harmed if this case continued to move forward. Indeed, the Court believes that prompt resolution of this case weighs against granting a stay. Accordingly, the Court recommends that the District Court deny Shedlock's motion for a stay pending appeal.

III.    Recommendation

For the foregoing reasons, the Court recommends that the District Judge assigned to this case DENY Shedlock's motion for stay of further proceedings pending his appeal.

IV.    Review By District Judge

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written

---

[3] A motion to supplement the Complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure is currently pending. See Docket No. 67. However, the proposed supplementation contains no allegations regarding the hemangioma issue.

objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

   /s/ Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE