UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
PAUL F. SHEDLOCK,                   )
                                    )
            Plaintiff,              )
                                    )   Civil Action No. 11-11603-NMG
v.                                  )
                                    )
GINA SPENCER,                       )
                                    )
            Defendant.              )
_____)

REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT
[Docket No. 67]

June 25, 2013

Boal, M.J.

Plaintiff Paul F. Shedlock ("Shedlock"), who is confined at the Nemasket Correctional Center ("Center") as a sexually dangerous person, filed a complaint in which he alleges that he has been denied the use of a wheelchair at the Center. Docket No. 1. Shedlock has filed a motion for leave to file a supplement to his Complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.[1] Docket No. 67. For the following reasons, this Court recommends that the District Court deny the motion.

I.    Factual And Procedural Background

Shedlock filed his complaint on September 12, 2011. Docket No. 1. Shedlock names Gina Spencer ("Spencer"), whom he identifies as the person who "controls" the Health Services

---

[1] The District Court referred the motion to the undersigned on May 9, 2013 for a report and recommendation. Docket No. 83.

-1-

Unit at the Center, as the sole defendant. He alleges that Spencer has violated Shedlock's civil rights by denying him adequate medical services repeatedly in 2011 in the form of a wheelchair. Id. Spencer filed an answer to the complaint on December 5, 2011. Docket No. 9.

On February 5, 2013, the District Court held a hearing on Shedlock's motion for a temporary restraining order and permanent injunction. Docket No. 59. The District Court noted that the parties agreed that the original issue in the Complaint regarding the wheelchair had been resolved. Id. The Court denied Shedlock's motion for a temporary restraining order and permanent injunction and set a briefing schedule for dispositive motions. Id.[2]

On February 25, 2013, Shedlock filed the instant motion for leave to supplement his Complaint. Docket No. 67. The proposed supplement contains allegations regarding events that occurred on October 6, 2011, less than one month after the filing of the Complaint but approximately eighteen months prior to the filing of the motion to supplement. More specifically, Shedlock alleges that Spencer's failure to provide a safe and serviceable wheelchair was the cause of a fall he suffered on October 6, 2011. Docket No. 67-1 at ¶¶ 3-4, 9-10. Shedlock alleges that, after going up a wheelchair ramp, he stood up to readjust his clothing. Id. at ¶¶ 3, 9. He applied the brakes on his wheelchair. Id. at ¶¶ 3, 10. When he went to sit down on the wheelchair again, it had rolled away due to the brakes being inoperative. Id. at ¶¶ 3-4, 10. Shedlock fell on the floor. Id. at ¶ 4. Shedlock alleges that he suffered injuries as a result of the fall, including a "diffuse disk bulge" at L1-L2, a "diffuse disk bulge with mild indentation of the

---

[2] On February 19, 2013, Shedlock filed a notice of appeal of the District Court's decision and a motion to stay this matter pending the appeal. Docket Nos. 60, 63. On June 25, 2013, this Court recommended that the District Court deny Shedlock's motion for a stay pending appeal. Docket No. 85.

ventral thecal sac" and "mild canal narrowing." Id. at ¶¶ 7, 13.

On February 25, 2013, Spencer filed an opposition to Shedlock's motion to supplement the Complaint. Docket No. 68. On March 4, 2013, Spencer filed a motion for summary judgment. Docket No. 70.

II.   Analysis

Rule 15(d) of the Federal Rules of Civil Procedure allows a court to, "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The purpose of Rule 15(d) is to "make pleadings a means to achieve an orderly and fair administration of justice." Polansky v. Wrenn, No. 12-cv-105-PB, 2013 WL 1165158, at * 2 (D.N.H. Feb. 22, 2013) (quoting Griffin v. Cnty. Sch. Bd., 377 U.S. 218, 227 (1964)). "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion [to supplement] should be freely granted." Graham v. Grondolsky, No. 08-40208-MBB, 2012 WL 405459, at * 16 (D. Mass. Feb. 7, 2012) (quoting Quarantino v. Tiffany & Co., 71 F.3d 58, 66 (2nd Cir. 1995)).

"[W]hile leave to permit a supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." Polansky, 2013 WL 1165158 at * 2 (citations omitted). However, a supplemental pleading may contain a new cause of action "if a relationship exists between the original complaint and 'the later accruing material.'" Id. (citations omitted).

Given the current posture of the case, this Court finds undue delay and prejudice to the Defendant if the proposed supplementation were to be allowed. The new allegations refer to

events that occurred shortly after the filing of the Complaint, well over a year before Shedlock filed the instant motion. At the February 5, 2012 hearing, Shedlock admitted that the wheelchair issue is now resolved. Docket No. 50. The District Court then found it appropriate to set a briefing schedule for dispositive motions. Id. Shedlock filed the motion to supplement only after the District Court set such a schedule. Accordingly, it appears that Shedlock's motion is an attempt to stave off summary judgment. Were his motion allowed, the parties might need to conduct additional discovery on the new allegations, which would delay the Court's disposition of the pending motion for summary judgment.

Accordingly, the Court recommends denial of Shedlock's motion to supplement the Complaint.

III.    Recommendation

For the foregoing reasons, the Court recommends that the District Judge assigned to this case DENY Shedlock's motion to supplement the Complaint.

IV.    Review By District Judge

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report

and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE